IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DELTON HINES,

    Plaintiff,

vs.

                                      CASE NO: 1:06-cv-00162

PARIS ENTERPRISES, LLC,
d/b/a MCDONALD'S
CORPORATION

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION TO STAY/REQUEST FOR ORAL ARGUMENT, DENYING PLAINTIFF'S MOTION TO FILE A RESPONSE TO DEFENDANT'S MOTION TO DISMISS/DISPOSITIVE MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

This cause comes before the Court upon Defendant's Motion to Dismiss/Dispositive Motion for Summary Judgment (Doc. 4-1), Motion to Stay Discovery/Request for Oral Argument (Doc. 6), and Memorandum in Support (Doc. 7), and Plaintiff's Motion to for an Extension of Time to File a Response to Defendant's Motion to Dismiss/Dispositive Motion for Summary Judgment, Response to Defendant's Motion to Stay, and Motion for Attorney's Fees (Doc. 8-1).

**I. BACKGROUND**

Plaintiff, Delton Hines, is suing Defendant, Paris Enterprises, LLC ("Paris"), as the alleged owner of several Gainesville McDonald's restaurants for violating his rights under the Fair Labor Standards Act by encouraging managers of McDonald's to change his timecard in order to escape paying him overtime (Doc. 1). Paris seeks summary judgment or dismissal on grounds that Plaintiff has never worked for Paris (Doc. 4-1). In support of this contention, Paris offers the affidavit of Calvin W. Paris, the Manager and Managing Member of Paris, who states first that Paris owns and operates only the 39th Avenue McDonald's in Gainesville, Florida, and second that Delton Hines has never worked there (Doc. 4-2).

Plaintiff's affidavit states that, to the best of his knowledge, he believes that he worked for Paris (Doc. 8-2). He believes that Mr. Paris owns and operates all three McDonald's restaurants where Plaintiff has worked (Doc. 8-2). Moreover, Plaintiff claims that Defendant's counsel has been "vexatious" in refusing to identify who the owner is (Doc. 8-1).

Paris has asked the Court to dismiss this action, or in the alternative, grant summary judgment in Paris's favor. Plaintiff has asked for additional time to conduct discovery to respond to Paris's motions in the hope that discovery will reveal the proper party in this case.

## II. DISCUSSION

### A. Application of Rule 56 to the Instant Case

When the Court considers affidavits and other materials outside the pleadings, a motion for failure to state a claim upon which relief can be granted is treated as a motion for summary judgment under Rule 56. Fed. R. Civ. Pro. 12(b). Federal Rule of Civil Procedure 56(c) provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

The moving party bears the initial burden of showing the court that there are no genuine issues of material fact to be decided at trial. Jeffery v. Sarasota White Sox, Inc., 64 F. 3d 590, 593 (11th Cir. 1995); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). When the moving party has discharged this burden, the nonmoving party must go beyond the pleadings to establish that there is a genuine issue of fact for trial. See Celotex Corp., 477 U.S. at 323 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Like the standard for a directed verdict, summary judgment should be granted when the facts are "so one-sided that one party must prevail as a matter of law." Id. at 251-52. The nonmoving party "must do more than show that there

is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the evidence presented by the nonmoving party is not significantly probative, summary judgment may be granted.  Anderson, 477 U.S. at 249 (citations omitted).

In the instant case, Paris has discharged its burden by demonstrating through the affidavit of Calvin W. Paris that Plaintiff has incorrectly named Paris in this suit.  Plaintiff attempts to create a genuine issue of fact for trial by submitting Plaintiff's affidavit stating to the best of his knowledge he believes that he worked for Paris.  This affidavit is not sufficient to discharge Plaintiff's burden because Plaintiff is still uncertain about the identity of his employer and presents no competent evidence on the issue.

Furthermore, Plaintiff's counsel claims that he has "carefully and precisely" searched land records, Florida Department of State records, and used "other methods" to determine the ownership of the McDonald's at which Plaintiff worked.  Noticeably absent from counsel's research is any mention of the Gainesville Occupational Tax Division, located at 200 East University Avenue, Gainesville, Florida, with a phone number of (352) 334-5024, which in fact possesses all information necessary to determine what company owns and operates any of the McDonald's where the Plaintiff worked (Doc. 8-1).

Based on the facts presented, a reasonable jury could not find for the Plaintiff because it is clear that Defendant is not the proper party in this suit and

Plaintiff has not come forward with sufficient evidence of a genuine issue on this matter.  Because this Court grants summary judgment in favor of Defendant, Defendant's Motion for Stay of Discovery/Request for Oral Argument is moot.

### B.  Plaintiff's Motion for an Extension of Time to Reply

Plaintiff requests an extension of time to reply under Rule 56(f).  Rule 56(f) permits the Court in its discretion to grant a continuance to the party opposing summary judgment when it appears that the opposing party needs additional time to acquire the facts to justify its opposition.  Fed. R. Civ. Pro. 56(f).  In the instant case, it is clear that no such facts exist.  Defendant is not the proper defendant in this suit.  Discovery from Paris will not affect this fact and Plaintiff should pursue other means to determine the identity of Plaintiff's employer.

### C.  Plaintiff's Request for Attorney's Fees

To award attorney's fees, the nonmoving party must unreasonably and vexatiously multiply the proceedings. 28 U.S.C. § 1927.  This statute has three elements:  (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings"; (3) the dollar amount of the sanction must bear a financial nexus to the excess proceedings.  Peterson v. BMI Refractories, 124 F.3d 1386, 1386 (11th Cir. 1997).

A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly

obstruct the litigation of non-frivolous claims.  Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003).  An attorney multiplies proceedings "unreasonably and vexatiously" only when the attorney's conduct is so egregious that it is tantamount to bad faith.  Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir.1991).  Bad faith is assessed objectively by the court.  Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1190 (11th Cir. 2006).

The conduct of Paris's counsel in failing to reveal the identity of the employer does not rise to the level of bad faith as required by the statute and by case law.  In In re Sunshine Jr. Stores, Inc., for example, the Eleventh Circuit upheld an award of attorney's fees when an indenture trustee to a bankruptcy case did not appear before the court after being ordered to do so, failed to respond to court orders, and refused to provide discovery after being ordered by the court to do so.  In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1305-06 (11th Cir. 2006).  The behavior of Defendant's counsel in this case does not compare to the type of behavior exhibited in Sunshine.  Plaintiff should continue to search public records to find the proper defendant and not rely on Defendant's counsel to conveniently point out whom to sue.

Therefore, it is

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Summary Judgment (Doc. 4) is GRANTED.

2. Defendant's Motion to Stay Discovery/Request for Oral Argument (Doc. 6) is DENIED.

3.  Plaintiff's Motion to for an Extension of Time to File a Response to Defendant's Motion to Dismiss/Dispositive Motion for Summary Judgment and Motion for Attorney's Fees (Doc. 8) are DENIED.

DONE AND ORDERED this 13th day of November, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge